IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| GLEN and LORI SMITH, Husband and Wife, | CV-07-143-BLG-RFC-CSO |
| Plaintiffs, | |
| vs. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |
| WILLIAM C. EARHART, COMPANY INC., an Oregon, corporation | |
| Defendants. | |

On October 6, 2008, United States Magistrate Judge Carolyn S. Ostby entered her Findings and Recommendation on Defendant's Motion for Summary Judgment (*Doc. 23*). *Doc. 29*. Magistrate Judge Ostby recommends the motion be granted in part and denied in part as follows:

(1) Defendants are not entitled to summary judgment that accrued interest on delayed payments is unavailable to Plaintiffs pursuant to 29 U.S.C. § 1132(a)(1)(B) because recovery of interest on any unreasonably withheld benefits is an implicit benefit under the terms of the Plan;

(2) Defendants' motion for summary judgment should be granted with respect to Plaintiffs' § 1132(a)(3) claims for "attorney expenses, partial foreclosure on their home and land, loss of credit rating, wage garnishment and related expenses, interest and legal expenses on medical liens, and the costs and fees of bringing this appeal" because those claimed damages are legal, not equitable;

1

(3)  Defendants are not entitled to summary judgment prohibiting Plaintiffs claim for "'any and all equitable relief, including restitution,' in the form of interest accrued on delayed benefits payments" because under recent Supreme Court authority § 1132(a)(3) authorizes the payment of accrued interest on delayed benefit payments;

(4)  Summary judgment should be denied with respect to Plaintiffs' requested injunction "enjoining the Plan from future denials of related claims until such time as a fully disclosed, independently conducted medical review establishes an absence of the medical necessity of the claim" because (a) the record is not currently developed to make such a determination and (b) neither party has cited authority for their position;

(5)  Defendants' motion for summary judgment should be granted with respect to Plaintiffs' claims for § 1132(c)(1) penalties because claims-related documents such as medical reviews are not the types of documents required to be disclosed by ERISA; and

(6)  Defendants' motion for summary judgment should be granted as to Plaintiffs' claims under the Women's Health Care and Cancer Rights Act because (a) Plaintiffs concede it does not allow an implied private right of action and (b) Plaintiffs have not pleaded a cause of action for violation of its notice provisions.

Upon service of a magistrate judge's findings and recommendation, a party has 10 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, both parties objected to the Findings and Recommendations. *Docs. 30, 31 & 32.* Defendants object to above recommendations one and three (*Doc. 30*), while Plaintiffs object to recommendation five and the latter portion of recommendation six (*Doc. 31*). These objections require this Court to make a *de novo*

determination of those portions of the Findings and Recommendations to which objection is made. 28 U.S.C. § 636(b)(1).

With respect to recommendations one and three–whether Plaintiffs may recover interest on any unreasonably withheld benefits pursuant to §1132(a)(1)(B) or §1132(a)(3) –Defendants argue that accrued interest on benefit payments which were delayed is inequitable when the delay in receiving the benefits is attributable to Plaintiffs. Regardless, Magistrate Judge Ostby did not rule that interest should be awarded, only that Defendants are not entitled to summary judgment on this issue. For that reason, Defendants' objection is not well-taken.

As to what this Court has labeled recommendation five, that Defendants' motion for summary judgment be granted with respect to Plaintiffs' claims for § 1132(c)(1) penalties, Plaintiffs argue Magistrate Judge Ostby merely followed one district court opinion over another and that doing so is improper in light of the summary judgment standard of review. However, Plaintiffs offer no citation for its argument that following the best-reasoned authority is improper on summary judgment. Although Plaintiffs are correct that the summary judgment standard requires courts to view the *facts* in the light most favorable to the non-moving party, *Fairbank v. Wunderman Cato Johnson,* 212 F.3d 528, 531 (9th Cir. 2000), the Court is unaware of any requirement that the *law* be interpreted in that manner.

Here, Magistrate Judge Ostby found *Montgomery v. Metropolitan Life Ins. Co.,* 403 F.Supp.2d 1261 (N.D. Ga. 2005) to be better-reasoned than *Hannall-Desai v. Fortis Benefits Ins. Co.*, 370 F.Supp.2d 1281 (N.D.Ga. 2004). This Court agrees. Title 29 U.S.C. § 1132(c)(1) provides for penalties where a plan administrator fails to provide documents which ERISA requires it to provide. At issue here is 29 U.S.C. 1024(b)(4), an ERISA provision requiring plan administrators to furnish "the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated." In this Court's view, medical reviews are dissimilar from any of these enumerated items. As such, Plaintiffs objection to recommendation five is overruled.

Finally, Plaintiffs object to the portion of recommendation six which holds that Plaintiffs have not pleaded a cause of action for violation of the notice provisions of the Women's Health Care and Cancer Rights Act. Plaintiffs note that paragraph five of the First Amended Complaint's Prayer for Relief requests "all appropriate penalties under ERISA, 29 USCA § 1132(c)." However, the word "notice" only appears once First Amended Complaint (¶ 12) and there are no other allegations which would put Defendants on notice that Plaintiffs seek § 1132(c)

4

penalties for failure to provide notices as required by the Women's Health Care and Cancer Rights Act. Therefore, Plaintiffs' objection is not well-taken.

Accordingly, after an extensive review of the record and applicable law, this Court finds Magistrate Judge Ostby's Findings and Recommendation are well grounded in law and fact and adopts them in their entirety.  **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (*Doc. 23*) is **GRANTED** with respect to Plaintiffs' claims:

(1)  brought pursuant to § 1132(a)(3) for damages arising from attorney expenses, partial foreclosure on their home and land, loss of credit rating, wage garnishment and related expenses, interest and legal expenses on medical liens, and the costs and fees of bringing this appeal; and

(2)  for § 1132(c)(1) penalties relating to the production of medical reviews; and

(3)  under the Women's Health Care and Cancer Rights Act.

The Clerk of Court shall notify the parties of the making of this Order.

DATED the 9th day of January, 2009.

_____
RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE